FILED'08 SEP 25 12:04USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HOWARD MEREDITH,                                Civ No. 03-6385-AA

          Plaintiff,                            OPINION AND ORDER

     v.

CITY OF LINCOLN CITY,

          Defendant.
_____

Russell L. Baldwin
P.O. Box 1242
Lincoln City, OR 97367
     Attorney for plaintiff

Richard J. Kuhn
Hoffman, Hart & Wagner, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205
     Attorney for defendant

AIKEN, Judge:

     Plaintiff filed suit under 42 U.S.C. § 1983 alleging that

defendant violated his federal constitutional rights, as well as

Oregon statutory and common law, by denying his permit application

1    - OPINION AND ORDER

to display an electronic flashing sign on his billboard.  Defendant
now moves for summary judgment on all claims pursuant to Federal
Rule of Civil Procedure 56.  On September 5, 2008, the court heard
oral argument on defendant's motion.  The motion is granted.

### FACTUAL BACKGROUND

Plaintiff is a resident of Oregon and owns a vacant lot near
the intersection of S.W. 28th Street and U.S. Highway 101 in Lincoln
City, Oregon (the City).

In February 1997, plaintiff installed a billboard on the
property without a permit.  In doing so, the City contended that
plaintiff violated a City ordinance that prohibits large signs on
vacant lots in areas zoned General Commercial (G-C).  Thus, the
City took enforcement action against plaintiff's sign.

In October 1997, the parties entered into a settlement
agreement under which the City deemed plaintiff's billboard as
permitted prior to the effective date of the ordinance.  In
accordance with the parties' agreement, the City issued plaintiff
a permit for his billboard on November 3, 2007.  Under the
agreement, plaintiff could post his personal opinions, commercial
advertisements, or any content allowed by law. Affidavit of Daniel
Lerner, Exs. 103; 104, p. 2; 115.

Since November 1997, plaintiff has leased the billboard space
to several advertisers at rates ranging from $750 to approximately
$1000 per month.  Lerner Aff., Ex. 101, p. 5.  Plaintiff has also

displayed his political beliefs and criticism of the City and the State of Oregon.  Id. Exs. 101, p. 5; 105; 106.

On July 8, 2002, plaintiff applied to the City for a permit to install an electronic flashing display on his billboard.  Plaintiff described the proposed change as "add[ing] copy without changing existing signage area to display moving and or flashing sign indicating time, tide and temp."  Id. Ex. 104, p. 2.

On July 31, 2002, the City sent plaintiff a letter and asked how he intended to add an electronic display without altering the billboard's structure.  Lerner Aff., Ex. 107.  Under Lincoln City Zoning Ordinance §13.080, structural alterations of non-conforming signs are prohibited unless the sign is brought into conformance with existing regulations.  Id. Ex. 110.  Plaintiff responded through his attorney and asserted that the electronic display would not alter the elevation or require changes to the footings or support structure of the billboard.  Id. Ex. 108.

In August of 2002, the City enacted Ordinance No. 2002-11 to prohibit all flashing signs, including those that indicate time, tide, and/or temperature:

> Zoning Ordinance Section 13.040(1), however, as presently written, permits moving and flashing signs that indicate the time, tide and/or temperature.  Such moving and flashing signs detract from the aesthetic quality of the city and provide an undue distraction for motorists and others using the city's transportation system.  It is therefore necessary and desirable to amend Zoning Ordinance § 13.040(1) to prohibit all moving and flashing signs including those that indicate the time, tide and/or temperature.

Lerner Aff., Ex. 109, p. 1. According to plaintiff, City officials
represented to him that the City would not enforce Ordinance 2002-
11 against him or rely on it in determining whether to approve his
permit application for an electronic flashing display.

On September 18, 2002, Richard Townsend, planning director for
the City, denied plaintiff's permit application on the grounds that
plaintiff's proposed alterations to his billboard were structural,
and that plaintiff was not allowed to make structural changes to a
non-conforming sign. Lerner Aff., Ex. 110. Plaintiff's billboard
was considered non-conforming as it is located on a vacant lot
within the G-C zone.

Plaintiff appealed Townsend's decision to the City Planning
Commission. On November 5, 2002, the Planning Commission conducted
a public hearing and upheld Townsend's decision to deny plaintiff's
permit application. Plaintiff appealed the Planning Commission's
decision to the City Council, which also upheld the denial of
plaintiff's permit application. Plaintiff then appealed the City
Council's decision to the Land Use Board of Appeals (LUBA).
Plaintiff ultimately abandoned his appeal in June 2002 because he
could not seek monetary damages from LUBA. Lerner Aff., Ex. 111;
Affidavit of Howard Meredith (Meredith Aff.), p. 8.

On December 5, 2003, plaintiff filed suit against the City.

In November 2004, the parties entered into a settlement
agreement under which plaintiff would pursue a Measure 37 claim

with the City and seek either compensation or a waiver of various City regulations that restricted plaintiff's use of his billboard. Lerner Aff., Ex. 112, pp. 2-4.

However, on October 23, 2006, Judge Coffin found that the parties had no meeting of the minds with respect to the terms of the settlement agreement, and plaintiff's claims were reinstated.

On December 7, 2007, plaintiff filed an Amended Complaint.

### STANDARD

Summary judgment is appropriate "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must draw all reasonable inferences supported by the evidence in favor of the non-moving party. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 324. A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v.

5    - OPINION AND ORDER

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Ninth Circuit has refused to find a genuine issue of fact where the only evidence presented is "uncorroborated and self-serving" testimony. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996).

DISCUSSION

A. Federal Constitutional Claims

Pursuant to 42 U.S.C. § 1983, plaintiff claims that the City's denial of his permit application violated his federal constitutional rights to free speech, due process, and just compensation for a "taking" of private property. Additionally, plaintiff contends that the City's denial violated his right to equal protection, the Privileges and Immunities Clause, and 42 U.S.C. § 1985. None of plaintiff's claims have merit.

1. First Amendment Claim

Plaintiff argues that the City's denial of his permit for an electronic flashing sign infringes on his right to free speech by restricting the content of his billboard.

It is well established that the City "may impose reasonable restrictions on the time, place, or manner of engaging in protected speech provided that they are adequately justified without reference to the content of the regulated speech." City of Cincinnati v. Discovery Network, Inc., 507 U.S. 410, 428 (1993) (quotation marks and citation omitted). Further, the restrictions must be "narrowly tailored to serve a significant governmental

6    - OPINION AND ORDER

interest and . . . leave open ample alternative channels for communication of the information." Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989) (quotation marks and citations omitted).

Here, the City deemed plaintiff's sign, though permitted, as non-conforming because it is located on an undeveloped lot zoned GC and thus prohibited by Zoning Ordinance 13.040(7). The City further found that plaintiff's proposed addition of an electronic display was "structural" as defined by City regulations. Lerner Aff., Ex. 114, p. 3 (a sign change is "structural" if the alteration modifies the size, shape or height of a sign structure or requires replacement of sign material with other non-comparable materials). Accordingly, the City denied plaintiff's permit application pursuant to Zoning Ordinance § 13.080, which prohibits structural changes of a non-conforming sign.

I do not find that the City's denial of plaintiff's permit application pursuant to Zoning Ordinance § 13.080 violated his right to free speech. First, Zoning Ordinance § 13.080 is content-neutral, because it does not impose restrictions based on the content of speech plaintiff seeks to display. Rather, it imposes restrictions based on the structure of a sign and whether it conforms to City regulations. Second, a restriction on structural changes to non-conforming signs is narrowly tailored to serve the City's interest in enforcing compliance with its sign regulations and leaves open ample opportunities for plaintiff to display speech

7    - OPINION AND ORDER

through non-structural alterations or signs that conform to City regulations.  See Get Outdoors II, LLC v. City of San Diego, 506 F.3d 886, 894 (9th Cir. 2007) ("Further, because these restrictions leave open alternative channels of communication - indeed they stop short of banning all billboards - we hold that they do not foreclose any alternative avenues of communication."); Valley Outdoor, Inc. v. County of Riverside, 337 F.3d 1111, 1114-15 (9th Cir. 2003) (sign restrictions based on zoning, size, and height are constitutionally permissible).  Finally, plaintiff presents no evidence that the City sought to regulate the content his speech.

Nevertheless, plaintiff repeatedly argues that the proposed electronic display was not a structural alteration, and that the City's reliance on § 13.080 was pretextual and in retaliation for plaintiff's prior speech and criticisms of the City.  In fact, plaintiff claims that the "crux" of his argument is that the City actually applied Ordinance 2002-11 to his permit application and then "looked for a reason to deny my application" for the purpose of restricting his right to free speech.  Meredith Aff., p. 5. However, plaintiff presents no evidence, other than his own conclusory statements, to support the assertion that his prior speech was a "substantial" or "motivating" factor in the City's denial of his permit.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  Plaintiff cannot rely on unsupported and conclusory statements to create an issue of fact.

Furthermore, whether the proposed alterations were in fact structural is not a question properly before this court. As the City emphasizes, plaintiff failed to exhaust the procedures available to challenge the City's finding that his proposed changes were structural. Under Oregon law, LUBA holds exclusive jurisdiction to review any land use decision or limited land use decision of a local government. See Or. Rev. Stat. § 197.825. Regardless, plaintiff presents no evidence, aside from his own conclusory statements, that the addition of an electronic flashing sign did not require structural alterations to his billboard. Accordingly, plaintiff's First Amendment claim fails.

2.  Due Process Claim

Plaintiff alleges that the City deprived him of property without due process of law and alludes to a violation of his substantive due process rights. However, plaintiff fails to allege a deprivation of real property or other "fundamental right" or establish that the City's action was not "rationally related to a legitimate governmental purpose." Matsuda v. City and County of Honolulu, 512 F.3d 1148, 1156 (9th Cir. 2008) ("In evaluating a substantive due process claim . . . we have determined that state action which neither utilizes a suspect classification nor draws distinctions among individuals that implicate fundamental rights will violate substantive due process only if the action is not rationally related to a legitimate governmental purpose.")

9    - OPINION AND ORDER

(quotation marks and citation omitted); Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1025 (9th Cir. 2007) (alleged deprivation of rights in real property may be proper subject of substantive due process claim).

Likewise, plaintiff provides no legal or factual basis to support a procedural due process claim. Plaintiff was given notice of the City's denial of his permit and ample opportunity to be heard.  In fact, plaintiff pursued the relevant administrative appeal procedures available to him until he abandoned his claim before LUBA.  Therefore, plaintiff's due process claim fails.

### 3. Takings Claim

Plaintiff alleges that the City's denial of his permit application constitutes a regulatory taking under the Fifth and Fourteenth Amendments.  However, plaintiff continues to maintain a billboard on his undeveloped property and receive advertising revenues.  Plaintiff fails to submit any evidence - aside from his own conclusory and unsupported statements - that he suffered an actual reduction in revenues as a result of the City's denial of his permit. Meredith Aff., pp. 19-20.  Therefore, plaintiff fails to establish that the denial caused more than a "negligible" economic impact or interfered with "distinct investment-based expectations." Scheehle v. Justices of Supreme Court of Ariz., 508 F.3d 887, 892-93 (9th Cir. 2007); see also Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 538-39 (2005) (describing factors used to

10   - OPINION AND ORDER

evaluate regulatory takings). Accordingly, the City's denial of plaintiff's permit application is not a taking that requires compensation.

### 4. Equal Protection Claim

Plaintiff maintains that the City violated his right to equal protection by denying his permit application while issuing permits for electronic or flashing signs to others similarly situated. In so arguing, plaintiff relies upon the "class-of-one" theory.

Under this theory, a plaintiff does not claim to be a member of a specific class that was discriminated against but argues that the defendant arbitrarily and without rational basis treated the plaintiff differently than someone similarly situated. See Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (per curiam). To prevail on this claim, plaintiff must establish that the City "intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. at 564.

Once again, plaintiff fails to present any admissible evidence to suggest that the City intentionally treated him differently from those who own billboards on undeveloped lots zoned GC, or that the City allowed someone to add an electronic display to a non-conforming sign. In contrast, the City submits evidence that it repeatedly has enforced the prohibition against electronic displays. See Affidavit of Richard Townsend, Exs. A-E. Finally,

11   - OPINION AND ORDER

as explained above, plaintiff fails to establish that the City's
basis for denying his permit application was wholly irrational or
based on an improper motive. <u>Olech</u>, 528 U.S. at 564; <u>Engquist v.</u>
<u>Oregon Dept. of Agriculture</u>, 478 F.3d 985, 995 (9th Cir. 2007).
Therefore, the City is entitled to summary judgment on this claim.

### 5. Other Federal Claims

In his complaint, plaintiff alleges that the City's actions
deprived him of the privileges and immunities secured by the United
States Constitution and his rights retained under the Ninth and
Tenth Amendments and violated 42 U.S.C. § 1985(c). However,
plaintiff does not address the City's arguments regarding these
claims in his opposing memorandum. Plaintiff further clarifies
that he does not assert claims under the Privileges and Immunities
Clause or the Ninth and Tenth Amendments and has no evidence to
support a § 1985 claim. Meredith Aff., pp. 9-10. Accordingly, I
adopt the City's arguments and find summary judgment appropriate.

### B. State Law Claims

#### 1. Breach of Contract

Plaintiff argues that the City breached the parties' 1997
settlement agreement that allows plaintiff to maintain a billboard
on his undeveloped lot. Plaintiff contends that the City's denial
of his permit application violates the City's promise that it would
not limit plaintiff's right to change "the copy on the sign face."
Lerner Aff., Ex. 103, p. 1. However, the City's denial does not

12  - OPINION AND ORDER

restrict the copy or written content of plaintiff's sign.  Instead, it restricts the manner in which such copy can be displayed, given its finding that plaintiff's proposed display required the structural alteration of a non-conforming sign.  Furthermore, the 1997 settlement agreement expressly states that it "shall not be deemed a wavier of any rights the City may have, or of any claims the City may make, in relation to future uses of or activities on the property."  Lerner, Aff. Ex. 103, p. 2.   Therefore, I find no breach of the parties' 1997 settlement agreement.

Plaintiff also argues that the City breached the parties' 2004 settlement agreement during the pendency of this case.  However, Magistrate Judge Coffin found that there was no meeting of the minds with respect to this agreement and reinstated plaintiff's claims.  Accordingly, plaintiff cannot rely on the 2004 settlement agreement to support a breach of contract claim.

### 2.  Fraud

Plaintiff claims that City officials fraudulently represented to him that the newly-passed 2002 ordinance prohibiting flashing lights would not be applied to his billboard.  As discussed above, the City did not rely on this ordinance in denying his permit. Therefore, plaintiff fails to establish a claim for fraud.

### 3.  Measure 37 Compensation

Finally, plaintiff alleges a claim pursuant to *former* Or. Rev. Stat. § 197.352 (Measure 37).  As enacted, Measure 37 generally

13    - OPINION AND ORDER

allowed property owners to file claims for just compensation if after-acquired land use restrictions lowered the fair market value of their property.   In turn, state and local governments could compensate a property owner for the lost market value or waive the relevant land use restrictions.   However, Measure 49, passed in 2007, amends and supersedes Measure 37, thus rendering plaintiff's Measure 37 claim moot.  <u>Olson v. State</u>, 220 Or. App. 77, 82-83, 184 P.3d 1220 (2008).  During oral argument, plaintiff requested that the court allow amendment of his complaint to allege a claim under Measure 49.   I decline to allow such amendment, finding that it would cause undue delay and prejudice, given the timing of the request.  <u>See AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006).

### CONCLUSION

Defendant's Motion for Summary Judgment (doc. 55) is GRANTED, and Judgment shall issue in favor of defendant.

IT IS SO ORDERED.

Dated this $\mathcal{25}$ day of September, 2008.

_____
Ann Aiken
United States District Judge